BEA, Circuit Judge, dissenting. I respectfully dissent because I believe the district court did not err in submitting Jury Instructions Nos. 20 and 21. But even if submission of the instructions were error, Morales failed to preserve the issue for appeal. First, the district court did not ask the jury to determine a question of law. Counsel for plaintiff did not and does not say what language in the jury instructions directed the jury to decide what was the “clearly established” law at the time of Morales’s arrest. Nor did counsel for plaintiff identify any language in the jury instructions which told the jury that it was their duty to determine the “clearly established” law. Therefore, the district court did not err because the jury instructions did not submit any question of law to the jury- Second, even if the jury instructions were deficient because they did not sufficiently explain to the jury what was the “clearly established” law at the time (or what conduct would be “in accordance with the law”), Morales did not specifically object to the jury instructions on that basis. See Dist. Ct. Dkt. No. 121 at 2 (“It’s my view that qualified immunity is a legal question, and that the jurors should be submitted factual questions, not questions of mixed fact and law, in the Ninth Circuit. So I would argue that those two instructions, 20 and 21, are not proper.”); see also Fed. R. Civ. P. 51(c) (“A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection.”). Morales objected on the grounds that Jury Instructions Nos. 20 and 21 submitted a “legal question,” or, alternatively, a “question[] of mixed fact and law” to the jury. She did not identify the legal question (or question of mixed fact and law) which the instructions purportedly submitted to the jury. That “legal question” as to “qualified immunity” was precisely what was the “clearly established” law which any reasonable officer would know. Indeed, she did not object to the fact that the jury instructions failed to inform the jury of the “clearly established” law at the time. Nor did she “distinctly” state what was the “clearly established” law that the district court should have instructed the jury. Therefore, I would hold that Morales waived any argument that the jury instructions failed to explain to the jury what was the “clearly established” law at the time of her arrest because she failed to object distinctly to the instructions on that ground before the district court. Although I disagree with the majority’s conclusion that the district court erred in submitting the two instructions to the jury, I agree with the conclusion that the error (assuming now that there is one) was not harmless. It is impossible to determine on the basis of the special verdict form whether the jury decided that Officer Fry had not violated Morales’s constitutional rights at all, or that Officer Fry had violated Morales’s constitutional rights, but that those rights were not clearly established. It is not “more probable than not that the jury would have reached the same verdict had it been properly instructed.” Dang v. Cross, 422 F.3d 800, 811 (9th Cir. 2005) (quoting Galdamez v. Potter, 415 F.3d 1015, 1025 (9th Cir. 2005)). Therefore, I agree that if the instruction were error, then it would not have been harmless. However, because I continue to believe the district court did not err in submitting Jury Instructions Nos. 20 and 21 to the jury, I respectfully dissent.